**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CASE NUMBER 9:19-CR-1 |
| THOMAS STEWART HOLCOMB | § § | |

**ORDER**

The defendant has submitted a *pro se* letter to the court requesting to receive credit toward the completion of his sentence for time spent in jail. (Doc. #32). The defendant requests credit for the time he claims he was in the custody of the United States Marshal.

Title 28 U.S.C. § 2241 gives the district court authority to grant a writ of habeas corpus where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 is correctly used to attack the manner in which a sentence is executed. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Petitioner's challenge to the calculation of time credited toward the completion of his sentence is a challenge to the execution of his sentence. Thus, petitioner's claim is properly asserted in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IT IS THEREFORE ORDERED** that the above-referenced letter (Doc. #32) is **STRICKEN** from the docket sheet of the defendant's criminal case. The Clerk of Court is **DIRECTED** to file the document submitted by the defendant as a new civil action. It is further

**ORDERED** that the new civil action shall be opened as petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and assigned according to the regular practice for allotment of newly filed civil actions.

SIGNED this 27th day of April, 2021.

_____
Zack Hawthorn
United States Magistrate Judge